# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK DOWNEY,                   )  | |
|              Plaintiffs,     ) | |
| v.                                              ) | Case No. CIV-19-218-CBG |
| UNITED STATES OF AMERICA et al., ) | |
|              Defendant.     ) | |

## ORDER

Plaintiff Mark Downey, appearing pro se and proceeding *in forma pauperis*, brought this action on July 10, 2019, raising various claims against the United States, the United States Department of Justice, the National Association of Political Fundraisers, the Republican National Committee, and the Democratic National Committee. *See* Compl. (Doc. No. 2) at 6-7. Upon review of Plaintiff's Complaint, the Court finds that this action should be dismissed.

    I.    *Standard of Review and the Court's Screening Obligation*

Because Plaintiff is proceeding *in forma pauperis*, the Court is obliged to conduct an initial review of Plaintiff's Complaint to identify its cognizable claims and to dismiss the pleading, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A pro se litigant's complaint must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The broad construction of a pro se plaintiff's allegations does not, however, "relieve the plaintiff of the burden of

alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). In evaluating whether a plaintiff has stated a valid claim, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Additionally, a court may dismiss a complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable legal basis or contains irrational and incredible factual allegations. *See Hall*, 935 F.2d at 1108 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Frivolous factual allegations are those that are fanciful, fantastic, or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Id.* The Court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

II. *Plaintiff's Allegations*

On July 10, 2019, Plaintiff filed an 86-page Complaint purporting to bring 45 claims against, and seeking more than 15 billion dollars, from Defendants. Plaintiff identified his lawsuit as a *qui tam* action under the False Claims Act ("FCA"), presumably 31 U.S.C. §§ 3729-33, and the Dodd-Frank Wall Street Reform and Consumer Protection Act's whistleblower provisions, 15 U.S.C. § 78u-6. He also asserts violations of numerous federal civil and criminal statutes, as well as violations of the Eighth Amendment. Compl. at 4, 24-76. Though the Complaint is not fully intelligible, the crux of Plaintiff's allegations appears to be that he submitted some work as a "whistleblower" to various federal agencies, work that he alleges would assist in "eliminat[ing] the mounting $21 Trillion Federal Budget Deficit for our Children's Children." *Id.* at 4, 11-12, 15-16. He asserts, however, that the federal government "orchestrated a War to decimate all of his efforts to Balance the Federal Budget" by ignoring his submissions, that he was never compensated for his five-year effort, and that "[t]he unjustified Whistleblower claim denial recourse is to file suit." *Id.* at 4, 11.

III. *Discussion*

As an initial matter, this action is one of several nearly identical actions brought by Plaintiff since June 2019. According to one district court, "[a] search of the federal court's online PACER database reveals that in the last year Downey has filed approximately 50 such complaints in federal courts across the country. . . . Most have already been dismissed, and a handful of courts have imposed pre-filing restrictions upon Downey." *Downey v. United States*, Civil No. 5:19-391-WOB, 2019 WL 4855145, at *1 (E.D. Ky. Oct. 1, 2019);

*see Downey v. United States*, Nos. 19-CV-5985, 19-CV-6646, 2019 WL 3553360, at *2 (S.D.N.Y. Aug. 5, 2019) (noting that Plaintiff's actions "have been deemed frivolous or meritless"). This action is no exception. Upon review, the Court finds that multiple bases support dismissal of the Complaint, even when viewed under the liberal standard afforded pro se litigants.

First, Plaintiff's Complaint violates Rules 8 and 10(b) of the Federal Rules of Civil Procedure, which require that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," that "[e]ach allegation . . . be simple, concise, and direct," and that the claims be organized into numbered paragraphs. Fed. R. Civ. P. 8(a)(2), (d)(1), 10(b). Dismissal under Rule 41(b) for the violation of Rule 8 is appropriate when a complaint is so unintelligible that it does not give fair notice to a defendant of the plaintiff's claims. *See Baker v. City of Loveland*, 686 F. App'x 619, 622 (10th Cir. 2017) (affirming dismissal where "sifting through the excess allegations . . . would have imposed a considerable burden" on the defendant and the court); *Bishop v. Romer*, Nos. 98-1294, 98-1296, 1999 WL 46688, at *3 (10th Cir. Feb. 3, 1999) (affirming dismissal where complaint "consist[ed] of several pages of rambling, disjointed factual allegations, seemingly unrelated conclusory assertions of constitutional violations, and an exhaustive recital of statutes and administrative rules, which shed no light on the exact nature of [the plaintiff's] claims").

Plaintiff's Complaint spans 86 pages, is not formatted into numbered paragraphs, and fails to tie any specific factual allegations to the litany of civil and criminal statutes invoked. Plaintiff's Complaint is, in sum, "so sprawling as to be essentially

incomprehensible," and must, for this reason, be dismissed. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.").

The Court also finds that Plaintiff's claims "lack an arguable basis either in law or in fact," and are therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 325. Though Plaintiff's claims are numerous, he has alleged no logical facts to support them. *See Denton*, 504 U.S. at 33 (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *see, e.g.*, Compl. at 23 (claiming the government "'[a]cted outside their scope of authority' (Color of Law) when they deleted ALL of the <u>Accepted</u> Whistleblower Submissions, not only the Plaintiff[']s hundreds of thousands of submissions, but 30,000 of other people's Whistleblower Submissions"). Because Plaintiff's claims "are clearly baseless" and rise to the level of the irrational, they are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

Moreover, Plaintiff's general allegation that the federal government has ignored his submissions fails to create a cognizable claim for relief under any of the sundry statutes Plaintiff lists in his Complaint. Even if this were not so, Plaintiff fails to tie his generic allegation of wrongdoing to any particular named Defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (explaining that "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants'" that form the basis of his claims). "The Court's obligation to liberally

5

construe *pro se* pleadings does not extend so far as to require it to conjure unpled facts or create claims for the plaintiff." *Downey*, 2019 WL 4855145, at *1.

In sum, the Court agrees with the other courts that have addressed Plaintiff's claims: "Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely." *Downey*, 2019 WL 3553360, at *2.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (Doc. No. 2) is DISMISSED without prejudice. Plaintiff's Motion (Doc. No. 3) is DENIED as moot.

IT IS SO ORDERED this 30th day of March, 2020.

_____
CHARLES B. GOODWIN
United States District Judge